UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                         Case No.  8:15-cv-976-T-24 TBM

ALEX PETRO,

      Defendant.
_____/

**ORDER**

      This cause comes before the Court on Plaintiff's Motion for Entry of Default Judgment. (Doc. No. 10).  As explained below, the motion is denied without prejudice.

      On April 23, 2015, Plaintiff filed suit against Defendant Alex Petro for defaulting on student loan debts.  (Doc. No. 1).  In the complaint, Plaintiff alleges that as to loan 2010A88788, Petro owed $138,122.82 in principal and interest.  Additionally, Plaintiff alleges that as to loan 2010A88798, Petro owed $14,896.66 in principal, plus $11,967.11 in interest, which equals $26,863.77.  Plaintiff, however, calculated the total for loan 2010A88798 to be $28,863.77.  It is unclear to the Court as to whether there is a typographical error in the principal amount, interest amount, or total amount due for loan 2010A88798.  Plaintiff alleges that the total amount due for both loans is $166,986.59, while the Court calculates the amount to be $164,986.59.

      To add to this confusion, Plaintiff attaches certificates of indebtedness and demand letters to the complaint, and these documents do not match the amounts alleged in the complaint.  The certificates of indebtedness show the amounts owed as of September 8, 2010 to be: $126,608.08

for loan 2010A88788 and $24,591.96 for loan 2010A88798.[1] The demand letters, which are dated January 3, 2014, state that the amounts owed are $135,100.36 for loan 2010A88788 and $26,267.44 for loan 2010A88798.

In Plaintiff's motion for default judgment, Plaintiffs seeks judgment in an amount equal to the amounts set forth in the January 3, 2014 demand letters ($135,100.36 for loan 2010A88788 and $26,267.44 for loan 2010A88798), which total $161,367.80, plus an award of $126.95 in statutory costs. However, demand letters are not evidence of indebtedness.

Given the differing statements about the amounts owed, and given that more current certificates of indebtedness have not been filed, the Court denies Plaintiff's motion for default judgment. The Court will give Plaintiff one final opportunity to move for default judgment and to supplement that motion with updated certificates of indebtedness.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Entry of Default Judgment (Doc. No. 10) is **DENIED WITHOUT PREJUDICE**. Plaintiff is directed to file a new motion for default judgment that attaches current certificates of indebtedness by March 11, 2016.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of January, 2016.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[1] The Court acknowledges that the amounts owed in 2010 would be different than the amounts owed in 2015. However, the Court expected more current certificates of indebtedness to be attached.