**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES OF AMERICA**

    **Plaintiff,**

**v.**                                                   **Case No. 8:15-cv-976-T-24TBM**

**ALEX PETRO,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on referral for consideration of **Defendant's Emergency Motion for Relief Pursuant to Rule 60(b) and for Stay of Proceedings Pursuant to Rule 62(b)** (Doc. 32) and Plaintiff's response (Doc. 35). A hearing was conducted on August 23, 2016.[1]

**I.**

This is a student loan default case, wherein on April 23, 2015, the United States filed suit against Defendant Alex Petro for defaulting on two student loan debts. (Doc. 1). It alleged that as to loan 2010A88788, Mr. Petro owed $78,275.57 in principal, plus accrued interest. Additionally, Plaintiff alleged that as to loan 2010A88798, Mr. Petro owed $14,896.66 in principal, plus accrued interest. Mr. Petro failed to respond to the complaint, and default was entered on October 15, 2015. (Doc. 8). On February 8, 2016, the district judge granted Plaintiff's

---

[1] Following the hearing, Defendant filed a discharge application, dated July 22, 2014. (Doc. 41). The Government then filed a letter dated September 11, 2014, informing Mr. Petro that his discharge application had been denied. (Doc. 42).

motion for default judgment (Doc. 14), and the Clerk entered Judgment in favor of the United States and against Mr. Petro the following day (Doc. 15).

By the instant motion, Defendant seeks to vacate the default judgment entered against him. He claims that he was adjudged disabled on August 15, 2011, by the Social Security Administration and in 2014 applied for a discharge of his student loan debt on the basis of his disability. Although he received the Summons and Complaint in this action, he believed it to be a scam. However, upon receiving notice of the writ of execution and discovery of the levy on his property by the United States Marshal, he realized the severity of the situation. He then reapplied for discharge of his student loan debt and believed any collection activity would be stayed pending review. On July 14, 2016, Defendant received a letter from Nelnet (the Department of Education ("DOE") contractor) stating that his discharge of the debt had been approved. As such, he claims he is entitled to relief from judgment and/or relief from the writ of execution. As grounds for setting aside the judgment, he cites either excusable neglect under Rule 60(b)(1); or change in circumstances due to Nelnet's discharge of the underlying debt under Rule 60(b)(5) or 60(b)(6). (Doc. 32).

In response, Plaintiff argues that relief from judgment is not warranted in these circumstances. Although Nelnet has approved discharge of the student loan debt, such is not final until completion of a three-year monitoring period. Because the defaulted loans may yet be reinstated by the DOE during this three-year period, it argues that the judgment should not be vacated. However, Plaintiff agrees to a stay of the writ of execution during the monitoring period and to cease collections activities. (Doc. 35).

2

**II.**

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances. The Rule provides in relevant part:

> On motion and just terms, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud, ... misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) motions are addressed to the sound discretion of the court and will be reversed only upon a showing of abuse of that discretion. *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003); *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

**III.**

Here, Defendant invokes the provisions of Rule 60(b)(1), (5), and (6). By my consideration, Mr. Petro is not presently entitled to relief from judgment under any of these provisions.

First, as to Defendant's claim of excusable neglect in failing to respond to the Complaint, such is simply not demonstrated.

In the context of Rule 60(b)(1), "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the

3

totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). In determining whether excusable neglect exists, courts utilize a four-factor balancing test: (1) "the danger of prejudice to the [opposing party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. "Generally speaking, a party who takes deliberate action with negative consequences ... will not be relieved of the consequences by Rule 60(b)(1) when it subsequently develops that the choice was unfortunate." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) (citation omitted). The Eleventh Circuit has held that "[t]o establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (quotations and citations omitted). And, the moving party bears the burden of establishing entitlement to Rule 60(b)(1) relief. *See Florida Physician's Ins. Co. v. Ehlers,* 8 F.3d 780, 783 (11th Cir. 1993).

Mr. Petro claims that he thought the Summons and Complaint were a scam "due to errors and misspelled words in the pleadings, and based on what the loan application documents stated." (Doc. 38-1). Even assuming that Mr. Petro truly believed the lawsuit a scam at the time of service, such does not excuse his complete failure to respond. Certain misspellings aside[2] (which do not provide him grounds for relief), he admits he was served with process and chose to ignore

---

[2]By my review, the Complaint does misspell Hillsborough County (Doc. 1 at ¶ 2).

it.  In my view, his decision to ignore the lawsuit, deliberate as it was, does not constitute excusable neglect.

Moreover, at the time of service of the Complaint, it does not appear that his application for discharge had been approved or that he reasonably should have disregarded the lawsuit. Although he claims that he believed all collections activities ceased after his 2014 application for discharge was filed (Doc. 41), his application was rejected just a few months later and he was advised that collections activities would resume (Doc. 42). In sum, Defendant makes no showing of excusable neglect and is not entitled to relief under Rule 60(b)(1).

Next, Mr. Petro claims that Rule 60(b)(5) provides grounds to vacate the judgment because the underlying debt as been discharged.  In support, he submits a letter from Nelnet[3] dated July 14, 2016, advising that effective July 14, 2016, the DOE has approved his application for discharge on the basis of his total and permanent disability.  (Doc. 32-2).  However, as Plaintiff points out and as Defendant admits, the discharge letter provides that the discharge is conditional upon a three-year monitoring period, during which the loan are subject to reinstatement. *Id.* at 2 ("We will reinstate your obligations to repay your discharged loan ... if at any time during this monitoring period: You have annual employment earnings that exceed the Poverty Guideline amount ...."). Plaintiff submits that this conditional discharge does not become final until after the three-year monitoring period ends and thus the judgment remains valid until such time.  I agree.

---

[3]Nelnet is a loan servicing company contracted by the DOE to administer the discharge process.

Although Mr. Petro is correct that subsequent to the judgment, he received a notice that the DOE had approved his application for discharge of his student loans, he is still in the three-year monitoring period and his loans are subject to reinstatement at any time during this period. Thus, I find it premature to grant relief from the final judgment under Rule 60(b)(5).

In a similar case to the one at bar, the Fifth Circuit affirmed denial of Rule 60(b) relief without prejudice due to the conditional nature of the discharge of the student loan debt. *See United States v. Bright*, 540 Fed. App'x 376 (2013) (per curiam). I find that the circumstances of this case are sufficiently similar to those in *Bright*, and the Court here should likewise decline to vacate the judgment at this time on the allegations that it has been discharged.

Moreover, the United States Marshal Service has been advised by counsel for the United States to cease efforts to levy and/or sell the property located at 2784 Bayside Drive South, St. Petersburg, FL 33750, as was directed by the Amended Writ of Execution (Doc. 24). And, as discussed at the hearing, the property has been returned to use by Mr. Petro.[4] Furthermore, the United States agrees that it cannot and will not undertake any efforts to collect or enforce the judgment or writ of execution while Mr. Petro is subject to the conditional discharge monitoring period.

Finally, Mr. Petro cites Rule 60(b)(6), the catchall provision under which relief can be granted for "any other reason that justifies relief." It "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Gill v. Wells*, 610 Fed. App'x. 809, 811 (11th Cir. 2015) (quoting *Griffin*, 722 F.2d at 680). The movant "must demonstrate a

---

[4]The Amended Writ of Execution (Doc. 24) on the property was issued on June 16, 2016, nearly a month prior to Nelnet's letter approving his application and conditionally discharging the debt.

justification so compelling that the [district] court [is] required to vacate its order." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986); *see also Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006). Mr. Petro has not argued nor proven any circumstances that satisfy this high bar.

**IV.**

Accordingly, for the reasons set forth above, I **RECOMMEND** that **Defendant's Emergency Motion for Relief Pursuant to Rule 60(b) and for Stay of Proceedings Pursuant to Rule 62(b)** (Doc. 32) be **DENIED without prejudice**.

Given the conditional discharge of the underlying student loan debt and the Government's agreement to stay any execution or collection activities during the monitoring period, I further **RECOMMEND** that the Amended Writ of Execution (Doc. 24) be **DISSOLVED.**[5]

> Respectfully submitted
> this 25th day of August 2016.
>
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party

---

[5] Also pending before the Court is Defendant's Claim of Exemption and Request for Hearing (Doc. 31), wherein Mr. Petro claims exemption from execution by virtue of Social Security benefits and supplemental security income, 42 U.S.C. § 407. Such appears moot at this time, subject to the recommendation that the writ execution on the property be dissolved. Thus, I **RECOMMEND** that **Defendant's Claim of Exemption and Request for Hearing (Doc. 31)** be **DENIED as MOOT**.

from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.


Copies furnished to:
The Honorable Susan C. Bucklew, United States District Judge
Counsel of record